LANDER *versus* SCHOOL DISTRICT, IN SMITHFIELD.

A vote to hire money, passed by a school district, at a meeting of which no previous notice had been given, creates no liability upon the district to repay money borrowed in pursuance of the vote.

A vote, subsequently passed, though at a meeting legally called, " to pay the debts due from the district," is no admission of indebtedness for money hired under the vote passed at the previous and unauthorized meeting.

ON EXCEPTIONS, from the District Court, RICE, J.

ASSUMPSIT.

The district, 7th June, 1847, voted to build a school-house; to raise two hundred dollars; and to hire money.   On the 12th of June, 1847, voted to raise eighty dollars more, and that Isaiah Taylor build the house, and be agent to hire the money. The plaintiff in December, 1847, lent seventy-nine dollars, and took the note of that amount, now in suit, signed by Taylor, in behalf of the district.   There was no evidence that the inhabitants had notice of either of the meetings, at which the votes were passed.

The plaintiff relied upon a ratification by the district.

Another record of the district showed, that more than a year after the note had been given, the district chose a " committee to pay and settle for the building of the school-house in said district, and settle any debts which the district may owe."

A further, and still subsequent meeting, in October 1849, called "to see what sum of money the district will vote to pay for the school-house, built by Isaiah Taylor," voted to raise one hundred and twenty dollars, in part pay for the same.

Oliver Parsons, Jr., was a witness for the plaintiff.   In order to prove that the records were fraudulently kept, the defendants in cross examination, drew from him the following testi-

mony, viz: The sum of eighty dollars only, was voted at the meeting of 7th of June; the two hundred dollars was voted at a previous meeting; the vote for hiring money authorized the agent to hire one hundred dollars by 20th July.

A nonsuit was ordered, and the plaintiff excepted.

*Noyes*, for the plaintiff.

The nonsuit was erroneously ordered. There was sufficient evidence from which the jury could have found a ratification by the district. 17 Maine, 34; 18 Maine, 380; 17 Mass. 249.

It was shown that the money lent by the plaintiff was appropriated to building the school-house. The record shows that more than a year after the giving of the note, the district voted to settle and pay for the building of the school-house, and *settle any debts* which the district might owe. This was clearly shown to be one of those debts. The vote imports that nothing had been paid toward building the house. There was proof from which the jury might infer that every voter of the district knew that Taylor had borrowed the money on the credit of the district, for building the house. There was a vote authorizing the committee to pay district debts, which included every debt, and of course this debt; and consequently there was a ratification of the agent's act in hiring the money.

Contracts made in behalf of another person, though without authority, may be affirmed by such person, and made valid against him, as well those which are detrimental, as those which are for his benefit. 4 Term R. 211; 10 East, 378; Paley on Agency, 143. Receiving notice of the acts of an agent, without objection, is, by legal intendment, a ratification, unless the notice came too late to prevent the effect of such act. 14 S. & R. 27; *Lunt* v. *Padelford*, 10 Mass. 236; 15 Mass. 39; 13 Mass. 178; 9 Metc. 91; 20 Maine, 84; 5 Hill, 139; Story on Agency, sects. 239 and 244.

The vote of October, 1849, recognized that the house was built by Taylor, and that the district was indebted for the building.

If the want of proof, that the meetings of June, 1847, were

duly notified, should exclude the records from being testimony, there is evidence drawn out by the defendants on cross examination, to which *they* cannot now object, and which, with the other evidence, ought to have been submitted to the jury.

*J. S. Abbott,* for the defendants.

WELLS, J. — By the Act of August 8, 1846, chap. 208, sec. 1, it is provided, that "any school district, by a vote of two thirds of the legal voters present, and voting, at a legal meeting called for that purpose, shall have power to borrow money for the purpose of erecting a school-house, and of purchasing land on which the same may stand."

The note in suit was given by virtue of votes, passed at a meeting of the district, held on the 7th of June, 1847, to build a school house, raise and hire money, and appoint an agent to hire it. But there does not appear to have been any notice of the meeting given to the inhabitants of the district. The meeting not having been legally called, the district could not be bound by its action, it was altogether inoperative and void. It is contended that there might be, and was, a subsequent ratification. But we do not perceive from the copies of the votes exhibited to us, that there was any reference whatever, to the debt of the plaintiff at the subsequent meetings. The votes, at subsequent meetings, to raise money " in part pay for school-house built by Isaiah Taylor," "and to choose a committee to pay and settle for building the school-house, &c, and to settle any debts which the district might owe," would not imply that it was to be raised to pay the plaintiff nor that his demand was a debt against the district. What would be the effect of a vote, by which it appeared, that money was raised for the purpose of paying the plaintiff; whether such vote would make the district liable for money, which had been delivered upon a supposed loan to an unauthorized agent, but had been appropriated by him to the payment of its lawful debts, it is unnecessary to determine, for there is no evidence to raise such inquiry.

If the money had of the plaintiff was delivered to the per-

son, who built the school-house, that would not be a payment made by the district, which had not authorized the money to be borrowed. And if the district might, at a subsequent meeting legally called, raise money, and appoint an agent to hire it, who should receive that amount of money thus delivered, as the plaintiff's, and the district would thereby incur a debt to the plaintiff, no proceedings appear to have taken place, by which such obligation on the part of the district was created. The plaintiff must seek his remedy in some other manner than against the defendants.

That part of the testimony of Oliver Parsons, Jr., a witness for the plaintiff, elicited on cross examination, in relation to the record of the meeting of the 7th of June, and of a prior meeting, even if taken as legal evidence of the acts done at those meetings, as the plaintiff now claims should be, would be of no service to the plaintiff, for it does not appear from it, that there was any notice of either of those meetings. But it was not admitted as competent evidence to prove the proceedings of the meetings, but to show some fraud in making the record. And in testifying in reference to the alleged fraud, he spoke of those meetings. Neither the admission, or rejection of this testimony could change the plaintiff's case. He was not entitled to recover upon the testimony presented, and the nonsuit was properly ordered.

*Exceptions overruled.*